ROBINSON (RANDOLPH v.). See Case No. 11,561.

ROBINSON (REED v.). See Case No. 11,645.

ROBINSON (REELER v.). See Case No. 11,655.

ROBINSON (REPPERT v.). See Case No. 11,703.

———

## Case No. 11,964.

ROBINSON v. ST. LOUIS MUT. LIFE INS. CO.

[7 Reporter, 358; [1] 8 Ins. Law J. 159.]

Circuit Court, D. Missouri. 1878.

INJUNCTION—DEFENCE AT LAW — LIFE INSURANCE—FORFEITURE OF POLICIES—WAIVER.

A circular addressed by the company to its shareholders stated that it would not insist upon forfeiture of its policies because of non-payment of interest thereon. *Held*, a waiver of the right to insist on a forfeiture for non-payment of interest which was available to policy holders in a court of law, and that therefore there was no necessity for equity to interpose to enjoin the company from setting up the forfeiture by way of defence in an action at law.

The plaintiff originally brought an action at law to recover on a policy of insurance. The company set up a failure to pay certain interest whereby the policy became forfeited. The plaintiff replied that the company had waived such a cause of forfeiture by a circular addressed to shareholders which stated in effect that if interest were not paid no forfeiture should for that reason follow. While the case was in this condition the plaintiff filed the present bill alleging the above facts and praying that the company be enjoined from setting up such cause of forfeiture in the action at law. On demurrer to bill.

DILLON, Circuit Judge. We are of the opinion that, assuming the plaintiff to be right in his contention that this was a waiver of the right to forfeit this policy, it is a defence available by replication in a law action, without any question. We enforce the same principle here every day in reference to these policies, where something happens after the execution of the policy which is set

———

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[1] [Reprinted from 7 Reporter, 358, by permission.]

up as an estoppel by the company. The company has waived the right to insist upon this forfeiture. In a case reported (Geib v. International Ins. Co. [Case No. 5,298]) we considered this question very fully. There the loss had happened on a fire policy, and the company, before any action was brought by the assured, filed a bill in equity to cancel the policy on the ground of fraud. Now, the purpose of the company was—knowing or apprehending, without question, that a suit would be brought against it—to transfer the litigation from the law to the chancery forum; in other words, if I may be allowed to use the expression, by a "flank movement" to avoid the jury, and draw into a court of chancery all the litigation of the country in policies of insurance—marine, fire, and life. Justice Miller sat at the time, and agreed in the opinion that I delivered in that case. I was very much gratified to see that in two cases referred to me by the bar and reported in the Chancery Appeal Reports of Great Britain, two years after that decision, our views coincided with that of the courts over there. We have no doubt whatever that if this company did waive a right by this circular—the right to insist upon the forfeiture—the plaintiff can avail himself of it in a court of law. Bill dismissed.